IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SHANE PHILLIP NICKERSON, | Cause No. CV 20-170-M-DLC |
| Petitioner, | |
| vs. | |
| | ORDER |
| JIM SALMONSEN; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

On November 13, 2020, Petitioner Shane Philip Nickerson filed this action under 28 U.S.C. § 2254.[1]  On November 20, 2020, venue in this matter was transferred from the Helena Division.  (Doc. 4.)  For the reasons set forth below, Nickerson's petition will be dismissed.

**I.     28 U.S.C. § 2254 Petition**

The Court is required to screen all actions brought by prisoners who seek relief.  28 U.S.C. § 1915(a).  The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis

---

[1] See, *Houston v. Lack*, 487 U.S. 266 (1988) (pro se prisoner's document deemed filed at the time prisoner delivers it to prison authorities).

upon which relief may be granted.  28 U.S.C. § 1915A(b)(1), (2).  The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 Governing Section 2254 Cases.   Because Nickerson's claims are unexhausted, his petition will be dismissed without prejudice.

## II.    Motion to Appoint Counsel

Nickerson filed two motions seeking the appointment of counsel.  (Docs. 2 & 6.)  Counsel must be appointed "when the case is so complex that due process violations will occur absent the presence of counsel," *Bonin v. Vasquez,* 999 F.2d 425, 428-29 (9th Cir. 1993) (discussing *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (per curiam)), or when an evidentiary hearing is required, Rule 8(c), Rules Governing § 2254 Cases.  Counsel may be appointed at any stage of the proceedings if "the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B). Under § 3006A, the court must consider the likelihood of success on the merits, the complexity of the legal issues involved, and the petitioner's ability to articulate his claims pro se.  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

Nickerson's case is not so complex that his right to due process will be violated if counsel is not appointed.  Additionally, because his claims are unexhausted, he cannot proceed in this Court at this time.  Nickerson does not require counsel as a matter of due process, and the Court declines to exercise its

discretion to appoint counsel. The motions for appointment of counsel will be denied.

### III.    Procedural History/Nickerson's Claims

Nickerson's petition challenges a February 4, 2010, judgment of conviction entered in Montana's Eleventh Judicial District, Flathead County. *See* (Doc. 1 at).[2] Nickerson was convicted of Sexual Assault, Aggravated Assault, Criminal Endangerment, and Assault on a Minor.  *Id*. at 3. The district court sentenced Nickerson to the Montana State Prison for a 50-year term for Sexual Assault, and concurrent sentences of 20 years, 20 years, and 5 years, respectively, for the remaining felonies.  *Id*.

On direct appeal, the Montana Supreme Court remanded the case to the district court with a directive to strike the assault on a minor conviction because the State had failed to prove an essential element of the offense.  *State v. Nickerson*, 2011 MT 85N, 361 Mont. 534, 264 P. 3d 517; see also, (Doc. 1 at 6.) Nickerson's remaining convictions and sentences were affirmed.  *Nickerson*, 2011 MT, at ¶¶ 2, 12.

In 2019, Nickerson filed various documents in the state district court seeking postconviction relief.  See, (Doc. 1 at 3.)  The district court denied Nickerson's petition as untimely.  Nickerson currently has a direct appeal pending, challenging

---

[2] *See also*: https://app.mt.gov/conweb/Offender/3004447 (accessed November 23, 2020).

the denial of his postconviction petition.  See, *Nickerson v. State*, DA-20-0129.
(filed March 2, 2020); see also, (Doc. 1 at 4.)  Nickerson's reply brief was filed on
October 19, 2020.  *Id*.

In the instant petition Nickerson claims "cumulative trial error" occurred,
including violations of his right to: (1) a fair trial; (2) effective assistance of trial
counsel; (3) Due Process; (4) Equal Protection; and, (5) a direct appeal and
effective appellate counsel.  See, (Doc. 1 at 4, ⁋ 13(A); 5, ⁋ 13(B)).  Nickerson
presents similar claims to the Montana Supreme Court in his pending appeal.  *Id*. at
6, ⁋ 14.

Nickerson asks this Court to vacate his convictions for Sexual Assault and
Criminal Endangerment and order a new trial for the offense of Aggravated
Assault or, alternatively, order a new direct appeal and/or sentence.  *Id*. at 7, ⁋ 17.

## IV.    Analysis

A state prisoner must exhaust his state court remedies before petitioning for
a writ of habeas corpus in federal court.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).
Federal courts may not grant a writ of habeas corpus brought by an individual in
custody pursuant to a state court judgment unless "the applicant has exhausted the
remedies available in the courts of the State."  28 U.S.C. §2254(b)(1)(A).  "The
exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and
(c), reflects a policy of federal-state comity, an accommodation of our federal

system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id. See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

Although there may be additional procedural hurdles that stand in his way, including federal filing deadlines and/or procedural default, in the present case, the Montana Supreme Court has not yet ruled on the claims Nickerson attempts to advance. As set forth above, Nickerson's postconviction appeal is currently pending with the state court.

Before Nickerson can file a federal habeas petition, he must give the state

courts one full opportunity to review his constitutional claims. *O'Sullivan*, 526 U.S. at 845. But because Nickerson has not yet exhausted his available state court remedies, this Court cannot review the claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal should be without prejudice, allowing Nickerson to return to this Court if and when he fully exhausts the claims relative to his current custody.

## V.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Nickerson has not yet made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

**ORDER**

1. Nickerson's Motions to Appoint Counsel (Docs. 2 & 6) are DENIED.

2. Nickerson's Petition (Doc. 1) is DISMISSED without prejudice as
unexhausted.

3. The Clerk of Court is directed to enter a judgment of dismissal.

4. A certificate of appealability is DENIED.

   DONE and DATED this 23rd day of November, 2020.


Dana L. Christensen, District Judge
United States District Court