IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SHANE PHILLIP NICKERSON, | Cause No. CV 20-170-M-DLC |
| Petitioner, | |
| vs. | ORDER |
| JIM SALMONSEN; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

This matter was dismissed without prejudice as unexhausted on November 23, 2020. (Doc. 7.) Nickerson then filed a Motion to Stay, (Doc. 9); a Motion to Proceed in Forma Pauperis, (Doc. 10); and, a Motion to Clarify (Doc. 11), followed by a Notice of Appeal. (Doc. 12.)

Until relatively recently, district courts routinely dismissed petitions that, like Nickerson's, were wholly unexhausted at the time of filing. See, *Jimenez v. Rice*, 276 F.3d 478 (9th Cir. 2001); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). The Ninth Circuit clarified that unexhausted petitions may, however, under limited circumstances, be stayed pending exhaustion. *Mena v. Long*, 813

1

F.3d 907, 912 (9th Cir. 2016). The requirements for a stay are those set forth in *Rhines v. Weber*, 544 U.S. 269, 278 (2005). The U.S. Supreme Court explained in *Rhines* that stay and abeyance pending exhaustion is appropriate only in limited circumstances. The petitioner must show that " '(1) petitioner had good cause for his failure to exhaust, (2) his unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.' " *Mena*, 813 F.3d at 910 (quoting *Rhines*, 544 U.S. at 278). A petitioner must clearly present evidence of these factors; they may not be inferred by the Court. Even though Nickerson did not specifically address these factors in his filings, the Court has considered them and finds that an adequate showing in support of a stay has not been made. Nickerson's motion for a stay is denied.

Moreover, Nickerson's Motion to Stay does not fall within any of the categories outlined in Federal Rule of Appellate Procedure 4(a)(4). Federal Rule of Civil Procedure 59(e) allows a litigant to file a "motion to alter or amend a judgment." The Rule gives a district court the chance "to rectify its own mistakes in the period immediately following" its decision. *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450 (1982). Federal courts have generally used this rule only to "reconsider[ ] matters properly encompassed in a decision on the merits." *Id.,* at 451. Courts will not address new arguments or evidence that the

2

moving party could have raised before the decision issued. *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020)(citations omitted). As previously explained to Nickerson, his petition is unexhausted. See generally, (Doc. 7.) A dismissal without prejudice allows him to return to this Court once he has presented his federal constitutional claims to the state courts. *Id*. at 4-6. This Court has committed no mistake in the dismissal of Nickerson's petition that must be rectified. To the extent that Nickerson's Motion for Stay could be construed as a motion to alter or amend the judgment under Rule 59, it is likewise denied.

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacate or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. *Harvest v. Castro*, 531 F. 3d 737m, 749 (9th Cir. 2008)(citations omitted).

The moving party "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Id.*, citing *Latshaw v. Trainer Wortham & Co., Inc.*, 453 F. 3d 1097, 1103 (9th Cir. 2006). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marilyn Nutraceuticlas, Inc. v. Mucos Pharma GmbH& Co.,* 571 F. 3d 873, 880 (9th Cir. 2009), citing *389 Orange St. Partners v. Arnold*, 179 F. 3d 656, 665 (9th Cir. 1999).

Nickerson's Motion to Stay does not meet any of the categories outlined in Rule 60(b). As he was previously advised, because he has a direct appeal pending at the Montana Supreme Court, his federal petition is fully unexhausted. He may return to this Court, however, once he has presented his federal constitutional claims to the state courts. (Doc. 7 at 4-6.) To the extent the motion could be construed as a Rule 60(b) motion, it is likewise denied.

Nickerson's Motion to Proceed in Forma Pauperis (Doc. 10) will be denied as moot; he has paid the filing fee.

Finally, in Nickerson's Motion to Clarify, (Doc. 12), he seeks advice from the Court as to whether or not he must wait to present his "attorney malpractice"

4

claim to this Court. To the extent that Nickerson seeks legal advice, this Court can provide no such relief and the motion will be denied. Nickerson is reminded, however, that in federal habeas this Court can only review federal constitutional violations. Any claim alleging ineffective assistance of counsel under the Sixth Amendment, must be first exhausted in the state court system in manner which was previously explained. See, (Doc. 7 at 4-6.)

Nickerson's motions will be denied. Nickerson's remedy at this juncture, lies in appeal. Because this matter was dismissed without prejudice, Nickerson is not foreclosed from future filings once his claims are properly exhausted.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of relief, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. The United States Supreme Court has declined to decide if a habeas petitioner must obtain a certificate of appealability as a prerequisite to appealing the denial of a Rule 60(b) Motion. *Gonzalez v. Crosby*, 454 U.S. 524, 535 n. 7 (2005). The Ninth Circuit Court of Appeals has concluded that a certificate of appealability is required if a petitioner seeks review of the denial of a Rule 60(b) Motion relating to the underlying habeas corpus proceedings. *United States v. Winkles*, 795 F. 3d 1134, 1142 (9th Cir. 2015).

If a court denies a Rule 60(b) motion in a habeas proceeding, a certificate of appealability should only issue if "(1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion and (2) jurists of reason would find it debatable whether the underlying [habeas] motion states a valid claim of the denial of a constitutional right." *Winkles*, 795 F. 3d at 1143.  The Court finds that Nickerson is not entitled to a certificate of appealability because jurists of reason would not find it debatable whether the Court abused its discretion in denying the perceived Rule 60(b) motion.  To the extent *Winkles* applies to a Rule 59(e) motion to alter or amend arising out of the dismissal of Nickerson's petition, a certificate of appealability is denied upon the same basis.

Based on the foregoing, the Court enters the following:

## ORDER

1. The Motion to Stay (Doc. 9) is DENIED;

2. The Motion to Proceed in Forma Pauperis is DENIED as moot;

3. The Motion to Clarify is DENIED;

4. A Certificate of Appealability is DENIED.

5. This case is CLOSED.  Other than a notice of appeal, no action will be taken on any further filings under this cause number.

DATED this 21st day of December, 2020.

>*/s/ Dana L. Christensen*
>Dana L. Christensen
>United States District Court Judge